# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID A. NIXON, | ) | CASE NO. 5:18-cv-1099 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JUDGE BECKY L. DOHERTY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff David A. Nixon, an Ohio prisoner, has filed a civil rights complaint in this matter pursuant to 42 U.S.C. § 1983 against Portage County Court of Common Pleas Judge Becky L. Doherty. (Doc. No. 1.) Plaintiff pleaded guilty in two Portage County cases to one count of domestic violence and one count of violating a protective order, and was sentenced to a three-year term of imprisonment. *State of Ohio v. David A. Nixon*, Case Nos. 2016 CR 0394 and 2016 CR 0496 (Portage County Court of Common Pleas). In his complaint in this case, plaintiff contends defendant Judge Doherty violated his constitutional and statutory rights in the Portage County cases by, among other things, altering court dockets, transcripts, orders, and judgment entries, and denying him a hearing on competency, a copy of the evaluator's competency report, and "due process throughout [the] entire cases." (*Id*. at 5.) He asserts he does not seek monetary relief, but only a ruling "that [he] was not given a fair, impartial trial, and to acknowledge . . . violations of [his] rights." *Id*.

Although the standard of review for *pro se* pleadings is liberal, principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*,

775 F.2d 1274, 1277 (4th Cir. 1985). Federal district courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* actions, and all actions in which a prisoner seeks redress from a governmental officer or employee, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To state a claim on which relief may be granted, a complaint must set forth factual matter, accepted as true, sufficient to state a claim to relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

Upon review, the Court finds that plaintiff's complaint must be dismissed because, even liberally construed, it does not state a cognizable claim under § 1983.

In *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a state prisoner does not have a cognizable claim for damages under § 1983 if a judgment in the prisoner's favor "would necessarily imply the invalidity of his conviction or sentence" unless the prisoner can show that his conviction or sentence previously had been invalidated by being "reversed on a direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck* has been extended to § 1983 claims seeking declaratory relief. *Edwards v. Balisok*, 520 U.S. 641, 645, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). In *Balisok*, the Supreme Court held that a prisoner's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision-maker in a disciplinary proceeding that resulted in his loss of good time credits, was not cognizable under *Heck* because success on the claim would necessarily imply the invalidity of the punishment imposed on him. *Id*. at 648.

In this case, plaintiff's success on any § 1983 claim that he was deprived of federal rights and "not given a fair, impartial trial" in his Portage County criminal cases would necessarily imply the invalidity of his state convictions. Under *Heck*, plaintiff has no cognizable claim for § 1983 relief unless he demonstrates that his convictions have been invalidated or set aside in one of the ways *Heck* articulates. Nothing in his complaint suggests that plaintiff's convictions have been so invalidated. Accordingly, he has failed to allege any plausible federal claim.

Further, because plaintiff's complaint does not allege any cognizable federal claim, the Court declines to exercise supplemental jurisdiction over any state-law claim plaintiff may also be attempting to assert. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims).

## Conclusion

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any state-law claim plaintiff purports to assert in his complaint is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 21, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**